# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41823

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 876 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GREGORY LEE MACHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and consecutive unified sentences of five years, with a minimum period of confinement of three years, for aggravated assault; twenty years, with a minimum period of confinement of ten years, for aggravated battery with a deadly weapon enhancement; and five years, with a minimum period of confinement of two years, for destruction of evidence, alteration or concealment of evidence, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Gregory Lee Macho entered an *Alford*[1] plea to aggravated assault, I.C. §§ 18-901(b) and 18-905; aggravated battery, I.C. §§ 18-903(a), 907(a)(b); use of a deadly weapon, I.C. § 18-2520; and destruction of evidence, alteration or concealment of evidence, I.C. § 18-2603. In exchange for

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

his guilty plea, additional charges were dismissed including an allegation that he was a persistent violator. The district court sentenced Macho to consecutive unified sentences of five years, with a minimum period of confinement of three years, for aggravated assault; twenty years, with a minimum period of confinement of ten years, for aggravated battery with a deadly weapon enhancement; and five years, with a minimum period of confinement of two years, for destruction of evidence, alteration or concealment of evidence. Macho filed an I.C.R 35 motion, which the district court denied. Macho appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Macho's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Macho's judgment of conviction and sentences, and the district court's order denying Macho's Rule 35 motion, are affirmed.